Common Pleas Court of Richland County.

RICHLAND COUNTY (STATE OF OHIO) V. CITY OF MANS-
FIELD.

Decided January 14, 1929.

*Geo. H. Blecker*, prosecuting attorney, and *Van C. Cook*,
assistant prosecuting attorney, for plaintiff.

*R. W. Stephenson*, Director of Law of the City of Mans-
field, for defendant.

GALBRAITH, J.

This action is now before the court on motion for new
trial.

Owing to the fact that the only real question involved
was before the court on demurrer to petition, and on mo-
tion of defendant for a judgment in its favor, at the con-
clusion of plaintiff's evidence at the trial, and that the
court on both occasions orally stated its reasons for over-
ruling the demurrer and motion, the court could content
itself with overruling motion for new trial as a mere for-

mality; but on request of counsel therefor, and on statement that there is no reported decision on the questions presented, the court submits this memoranda.

The petition, in substance, sets forth that on or about the 12th day of June, 1926, the State Examiner, Walter Garrison, of the Bureau of Inspection and Supervision of Public Offices, filed a report in said office relative to the county offices of Richland county, Ohio, a portion of which report and finding is as follows:

"Comparison of the jail register with the dockets of the office of mayor of the city of Mansfield disclosed that a number of prisoners had been confined in the county jail in default of payment of fine and costs, where said fine and costs had been assessed for the violation of city ordinances. The county commissioners are liable for the board of such prisoners in the first instance, but the municipality is liable to the county for the board so paid. The following schedule shows the amounts paid by the county commissioners to the sheriff for the board of (such) prisoners confined under city ordinances, which amounts should be paid by the city of Mansfield."

Then follows a schedule showing the docket and page and case numbers, the names of such persons committed, the respective dates of their being received and discharged, the number of days confined, and the amounts of board charged, and paid for by the county, and a total finding thereon, in favor of the county and against the city in the sum of $2,046.

The petition further alleges that such amount is unpaid and prays judgment therefor.

Defendant filed general demurrer to the petition which was overruled. Defendant then filed general denial answer so far as the merits of plaintiff's claim is concerned.

On the regularly assigned date for trial attorneys for both parties appearing, in open court, waived trial by jury and the case was tried to the court on the pleadings and evidence.

The parties presented what purports to be an agreed statement of facts, but being incomplete the plaintiff, on suggestion of the court, presented its evidence which in-

cluded the appropriate portion of the State Examiner's report of findings, the several dockets and pages of the records of the respective findings and commitments of the persons named in the examiner's findings, by the mayor of the city of Mansfield to the county jail for violations of city ordinances, the jail record of the sheriff showing when such persons were received and discharged, the number of days each was confined in the county jail under such commitments, the board charged for each, and, identification of such records being waived, they were all admitted in evidence.

It was then agreed by the parties that city of Mansfield had no workhouse or other jail; that the county had paid to the sheriff the respective amounts set forth, and in the total sum of $2,046, and that no part had been paid by the defendant, and plaintiff rested.

Motion by defendant for judgment on the pleadings and evidence was overruled and the defendant not desiring to offer evidence, judgment was rendered in favor of plaintiff against defendant, for the amount sued for, with interest to date and costs.

The contention of defendant was and is that Richland county had not complied with the requirements which the statutes say shall be complied with in contracting with the city, and it calls attention to a part of G. C. 4564, and other statutes, as follows:

"Imprisonment under the ordinance of a municipal corporation shall be in the workhouse or other jail thereof if the corporation is provided with such workhouse or jail. Any corporation not provided with a workhouse or other jail shall be allowed for the purpose of imprisonment the use of the county jail at the expense of such corporation, etc. * * *"

G. C. 4126:

"Council shall provide by ordinance for sustaining of persons sentenced to or confined in such prison or station houses, at the expense of the corporation, and in counties where said prisons or station houses are in quarters leased from the county commissioners, council may contract with said county commissioners for the care and maintenance

of such prisoners by the sheriff or other person charged with the care and maintenance of county prisoners.

"On the presentation of bills for food, sustenance, and necessary supplies to the proper officer, certified by such person as council may designate such officer shall audit them and draw his order on the treasurer of the corporation for payment not to exceed forty cents (40 cents) per day for each person so imprisoned."

G. C. 4127:

"In municipal corporations in which there is no workhouse, council may by ordinance provide for the keeping of persons committed and sentenced to hard labor during the term of their imprisonment at such place or places within the corporation as council may determine."

And the defendant says—

It is not alleged in the petition, and the evidence on behalf of plaintiff fails to show, that there was a contract between the city of Mansfield and the county commissioners whereby provision was made for the sustenance of prisoners confined in the county jail for violation of city ordinances, and it is well established in law that the city can be bound only by contract. There can be no recovery against a city on a *quantum meruit*. Defendant cites *Verville* v. *City of Newark*, 14 N. P. (N. S.), 565, in reference to G. C. 4328 *et seq.*; *City of Wellston* v. *Morgan*, 65 O. S., 219; *North* v. *County Commissioners*, 10 C. C. (N. S.), 462; 10 C. C. (N. S.), 530; *State* v. *Maharry*, 97 O. S., 272; and *City of Cleveland* v. *Legal News Publishing Co.*, 110 O. S., 360.

The court will not comment on these holdings, except to say that they do not appear to be applicable to the determinative question in the case at bar in face of direct statutory provision.

It will be noted that defendant quotes only a part of G. C. 4564—the first paragraph, and a part only of the second paragraph thereof.

Such section, to understand its full purport and effect, must be read in its entirety, and as necessary for full understanding of its application, must be considered in connection with G. C. 4559, 4563, 4565 and 4566.

These three last named statutes are special provisions applicable to persons committed for violation of ordinances of the corporation.

The sections referred to read as follows:

"G. C. 4559. *When offender may be confined until fine and costs paid.* When a fine is the whole or part of a sentence, the court or *mayor may order that the person sentenced shall remain confined in the county jail,* workhouse or prison, *until the fine and costs be paid, or secured to* be paid, or the offender be otherwise legally discharged."

"G. C. 4563. *Party to be Committed in Default of Payment. When a fine imposed for the violation of an ordinance of the corporation, is not paid, the party committed shall, by order of the mayor,* or other proper authority, *or on process issued for the purpose, be committed until such fine and the costs of prosecution are paid,* or the party is discharged by due process of law."

The first section which I have quoted applies generally to all fines, including those for statutory offenses, and is permissive as to place of imprisonment; the second quoted statute is mandatory and applies specially to cases for violation of city ordinances.

"G. C. 4564. Imprisonment, where to be made. *Imprisonment under the ordinances of a municipal corporation shall be in the workhouse or other jail thereof, if the corporation is provided with such workhouse or jail.*

"*Any corporation not provided with a workhouse, or other jail, shall be allowed, for the purpose of imprisonment, the use of the jail of the county, at the expense of the corporation, until it is provided with a prison, house of correction* or workhouse.

"*Persons so imprisoned in the county jail shall be under the charge of the Sheriff of the county, who shall receive and hold such persons in the* manner prescribed by the ordinances of the corporation until discharged by due course of law."

It will be noted that the use of the county jail, in such events and character of committments is mandatory on the city and county, *but that it shall be at the expense of the corporation, until it is provided with a prison, house of correction or workhouse.*

By G. C. 2850 and 2997, *the sheriff shall be allowed by the county commissioners, and paid by the county for the keeping and feeding of prisoners in the county jail.*

"G. C. 4565. *Use of County Jail may be Prohibited. The county commissioners, at their discretion,* on giving ninety days' written notice to the council of any corporation, *may prohibit the use of the county jail for the purpose authorized in this chapter.*"

"G. C. 4566. *Limit of such prohibition.* If, within ninety days after such notice is given, *the council of such corporation efficiently provides by the passage of appropriate ordinances, and the making of necessary contracts for the immediate erection of a prison, workhouse, or house of correction, notwithstanding the notice and prohibition provided for in the preceding section, the corporation shall continue to have the use of the county jail for the purpose of imprisonment, until such prison, workhouse, or house of correction, is erected, and ready for use.*"

As said before G. C. 4563, 4564, 4565 and 4566 are special provisions applicable to persons committed for violation of ordinances of the corporation.

*They are mandatory. If the corporation has no workhouse or other jail, the corporation court must order them committed to the county jail. The city has the right by statute to such use of the county jail; the person so committed must be received and held by the sheriff under the ordinance which was the basis of their prosecution and committment.*

*Under G. C. 2850 and 2997, then, the sheriff shall be allowed by the county commissioners, and paid by the county for the keeping and feeding of such prisoners.*

*Only in one way can the county terminate this statutory right of use of the county jail by the city*—on, and after ninety days' notice of such purpose and intention as provided by G. C. 4565; and this termination is limited and conditional upon the city as referred to in G. C. 4566.

Until the county commissioners act under the provisions of G. C. 4565, the city's right to commit to and use the county jail for persons fined for violation of ordinances, is absolute and supreme; but as provided by G. C. 4564

this shall be *"at the expense of the corporation, until it is provided with a prison, house of correction, or workhouse."*

*This character of committments therefore and the expense therefor, being fixed by statute, creates a statutory liability, and does not require special ordinances and contracts referred to by the general statutes, cited by defendant*—G. C. 4126 and 4127.

A careful reading and consideration of all of these statutes clearly distinguishes their application, and it should be unnecessary to the question here involved to dwell upon the last two mentioned sections, their connection with G. C. 4125, nor the matter of provision for persons committed to quarters leased from the county commissioners.

But one other question need be noted—the admissibility and weight of the appropriate parts of the state examiner's report of findings.

G. C. of Ohio, Sec. 286, provides for report of examinations by representatives of the state bureau of inspection and supervision of public offices, what it shall contain, where filed, the duty of prosecuting attorneys, the bringing and conduct of actions for money due any particular civil subdivision; and referring to pleading and evidence the latter part of Sec. 286-1 provides:

*"In any action it shall be sufficient for the plaintiff to allege in the petition so much of the report of the bureau of inspection and supervision of public offices as relates to the claim against the defendant therein and that the amounts claimed against the defendant are unpaid,* and it shall not be necessary in such petition separately to state and number any separate causes of action, the findings of such report, upon whatever claims or circumstances based, being considered for that purpose as constituting a single cause of action; *nor shall the plaintiff be required to set forth in the petition any other or further matter relating to such claims. A certified copy of any portion thereof shall constitute prima facie evidence of the truth of the allegations of the petition."*

In face of these statutory provisions the petition was good against the demurrer, and, at the trial, the appropri-

ate portions of the state examiner's report was admissible, and, with no evidence to rebut was not only *prima facia* but conclusive proof that the amounts claimed were due, and under the admission that no part had been paid by the city the plaintiff was entitled to judgment.

The court, as a precautionary measure, suggested the presentation of the mayor's and sheriff's records. These may not have been necessary as a corroboration, in face of the statutory provisions referred to, but though cumulative only—their identification being waived—they were admissible in evidence and could in no way prejudice the defendant.

Motion for new trial overruled and judgment on the court's former findings for amount claimed, with interest and costs. Exceptions.